```
SCOTT N. JOHNSON, ESQ., SBN 166952
DISABLED ACCESS PREVENTS INJURY, INC.
5150 FAIR OAKS BLVD., SUITE 101
PMB #253
CARMICHAEL, CA 95608-5758
TELEPHONE (916) 485-3516
FAX (916) 481-4224
E-MAIL   scottnjohnson@comcast.net
```

Attorney for Plaintiff Scott N. Johnson

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Scott N. Johnson | ) Case No.: |
|  | ) |
| Plaintiff, | ) COMPLAINT: <u>CIVIL RIGHTS</u> |
|  | ) |
| vs. | ) **COMPLAINT FOR PRELIMINARY AND** |
|  | ) **PERMANENT INJUNCTIVE RELIEF;** |
|  | ) **DECLARATORY RELIEF;  AND** |
|  | ) **MONETARY RELIEF:**  DENIAL OF |
| Mark R. Cooper, Individually | ) CIVIL RIGHTS AND PUBLIC |
|  | ) FACILITIES TO PHYSICALLY |
| and d/b/a Luxe Salon & | ) DISABLED PERSONS (CIVIL CODE §§ |
|  | ) 51, 52); INJUNCTIVE RELIEF PER |
| Boutique; Christina Cooper, | ) TITLE III, AMERICANS WITH |
|  | ) DISABILITIES ACT OF 1990 |
| Individually and d/b/a Luxe | ) |
| Salon & Boutique; Constance M. | ) |
| Fong; Linda C. Lee; Cherylee | ) |
| Louie; Karen S. Wu, | ) |
| Defendants | ) |

///

COMPLAINT - 1

Plaintiff, SCOTT N. JOHNSON, alleges:

## THE PLAINTIFF

1. Plaintiff, SCOTT N. JOHNSON (hereinafter "Plaintiff"), is a person with physical impairments of quadriplegia and is a "person with a disability" and "physically handicapped person." 42 U.S.C. § 12102(2)(A); 28 C.F.R. § 36.104. Plaintiff has substantial limitations and restrictions on many of his major life activities including; standing, walking, breathing and as such, requires the use of a "Service Animal," wheelchair, full size van with hand-controls with wheelchair lift and is either unable to use portions of public facilities which are not accessible to disabled persons who require the use of a wheelchair or wheelchair lift equipped van or is only able to use such portions with undue difficulty.  Plaintiff is a resident of Sacramento County and has been a resident for over 30 years.

## THE DEFENDANTS

2. *LUXE SALON & BOUTIQUE* is a hair salon with a parking lot located at 10020 Fair oaks Blvd, Fair Oaks, California, and is a public accommodation as defined by 42 U.S.C. § 12181(7); 28 C.F.R. § 36.104 (hereinafter the "PUBLIC ACCOMMODATION"). Defendants own, operate, manage, lease (or lease to), the PUBLIC ACCOMMODATION and property.  Defendants include: Mark R. Cooper, Individually and d/b/a Luxe Salon & Boutique; Christina Cooper, Individually and d/b/a Luxe Salon & Boutique; Constance M. Fong;

Linda C. Lee; Cherylee Louie; Karen S. Wu,(hereinafter collectively "Defendants").  Attached hereto as **Exhibit A,** are copies of ownership and operation documentation.

## **THE FACTS**

3.  **Summary of facts**: This case involves the intentional denial of: the correct number and type of properly configured disabled parking space(s) including the lack of a van accessible disabled parking space, accessible route, accessible entrance, accessibility signage and striping to Plaintiff and others similarly situated at the PUBLIC ACCOMMODATION on several occasions and is continuing. **Initial visit:**  In August 2008, the Plaintiff visited the PUBLIC ACCOMMODATION for goods/services. Because of the architectural barriers, the Plaintiff was prevented from enjoying full and equal access to the goods and services at the PUBLIC ACCOMMODATION.  **Written Notice:** In a letter dated August 8, 2008, which was mailed to the PUBLIC ACCOMMODATION on August 12, 2008, and addressed to the landlord/business operator, the Plaintiff informed the Defendants about the lack of accessibility and requested that the property either be brought into conformity within 90 days. The Plaintiff also enclosed a publication produced by the United States Department of Justice concerning Americans with Disabilities Act requirements, along with the official United States Department of Justice web site ([www.ADA.gov](www.ADA.gov)).  This is attached as **Exhibit B**.  A certificate of mailing is attached as **Exhibit C**.  The Plaintiff first attempted to resolve the access

issues through voluntary compliance and education.  The Plaintiff was never contacted regarding the issues.  From August 2008 to November 2008, the Plaintiff returned to the PUBLIC ACCOMMODATION and encountered the architectural barriers.  The Plaintiff would like to be able to return to the PUBLIC ACCOMMODATION. **Actual and forgone visits:** The Plaintiff has three (3) actual visits and has foregone five (5) visits to the PUBLIC ACCOMMODATION because of the architectural barriers. **Opportunity to remove architectural barriers and provide disabled access:** The Plaintiff provided approximately three (3) months from the date of the original notice of architectural barriers in hopes that the architectural barriers would be removed without the need of this lawsuit.  As of today's date, architectural barriers remain.  This case involves the denial of access to the Plaintiff and others similarly situated. Plaintiff was denied equal protection of the law and was denied Civil Rights under both California law and federal law, as hereinbelow described.  Plaintiff was denied his rights to full and equal access to the PUBLIC ACCOMMODATION because of the architectural barriers without difficulty and embarrassment when he went there on the above referenced dates, which made the PUBLIC ACCOMMODATION not properly accessible to Plaintiff or to others similarly situated.  **Plaintiff seeks injunctive relief to require Defendants to remove all architectural barriers related to his disability at the PUBLIC ACCOMMODATION;** to comply with the Americans with Disabilities Act of 1990 (ADA); and Americans

with Disabilities Act Accessibility Guidelines (ADAAG) contained in 28 CFR Part 36. Including, but not limited to, §4.1.2 Accessible Sites and Exterior: New Construction; §4.1.3 Accessible Buildings: New Construction; §4.1.5 Accessible Buildings: Additions; §4.1.6 Alterations; §4.2 Space Allowance and Reach Ranges; §4.3 Accessible Route; §4.5 Ground and Floor Surfaces; §4.6 Parking and Passenger Loading Zones, §4.7 Curb Ramps; §4.8 Ramps; §4.14 Entrances; §4.30 Signage; §7 Business and Mercantile and Title 24 California Code of Regulations, California Building Standards Code (CBC) where required; to remove all barriers to access which are readily achievable, to make all reasonable accommodations in policy in order to enable Plaintiff and others similarly situated to use the PUBLIC ACCOMMODATION and at minimum, to use readily achievable alternative methods to enable Plaintiff to use the goods and services which the PUBLIC ACCOMMODATION makes available to the non-disabled public. On each of the above listed occasions, when the Plaintiff arrived at the PUBLIC ACCOMMODATION, he was not allowed equal access to the PUBLIC ACCOMMODATION because of the architectural barriers.  The Plaintiff was forced to leave the PUBLIC ACCOMMODATION, unable to patronize the PUBLIC ACCOMMODATION as an equal.  As a result, Plaintiff was humiliated and embarrassed, made to feel as if he was a second class citizen, and experienced humiliation, embarrassment, emotional damage and physical personal injury, all to Plaintiff's damages in an amount according to proof.  Plaintiff

also seeks the recovery of damages involved in the discriminatory experiences of the past two years and seeks recovery of reasonable attorney's fees (if incurred) and litigation expenses and costs according to statute.

## JURISDICTION

4. **Jurisdiction:** The Court has jurisdiction of the action pursuant to 28 USC § 1331 for violations of the Americans with Disabilities Act of 1990, 42 USC 12101 et seq. Pursuant to supplemental jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including but not limited to violations of California Civil Code §§ 51, 52.

## VENUE

5. **Venue:** Venue is proper in this Court pursuant to 28 USC 1391(b) and is founded on the fact that the location where Plaintiff experienced his discrimination is located in this district and that Plaintiff's causes of action arose in this district.

## INTRADISTRICT

6. **Intradistrict:** This case should be assigned to the Sacramento intradistrict because the incident occurred in, and Plaintiff's rights arose in, the Sacramento intradistrict. **PLAINTIFF WILL STIPULATE TO A VOLUNTARY DISPUTE RESOLUTION PROGRAM (VDRP). PLAINTIFF CONSENTS AN EARLY SETTLEMENT CONFERENCE.**

7.   The PUBLIC ACCOMMODATION is a "public accommodation or facility" subject to the requirements of California Civil Code §§51, 52; and the Americans with Disability Act of 1990. 42 U.S.C. § 12181(7); 28 C.F.R. § 36.104.

8.   Plaintiff is a person with quadriplegia and is confined to a wheelchair and yet Plaintiff and his "Service Animal" (Lennox) remain highly active and are involved in their community. Plaintiff drives a full size Ford van which is equipped with hand-controls and a wheelchair lift.  If (and when) Plaintiff was to park in a non-disabled parking space, he could very easily be blocked from returning to his vehicle, which would restrict Plaintiff from leaving.  If (and when) Plaintiff was to access a non-disabled restroom the problem could be compounded and could turn dangerous because of the non-accessibility.

9.   Defendants are and were the owners, operators, managers, leasers' and lessors of the PUBLIC ACCOMMODATION and of the subject real property and at all times relevant herein. Plaintiff is informed and believes that each of the Defendants is and was the agent, employee or representative of each of the other Defendants, and performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity and is responsible in some manner for the acts and omissions of the other Defendants in proximately causing the damages complained of herein.

10.  Plaintiff and others similarly situated are disabled persons who require the use of a wheelchair or wheelchair lift

equipped van and are unable to use public facilities on a "full and equal" basis unless each such facility is in compliance with the provisions of the Americans with Disabilities Act of 1990 and the regulations thereof.  Under Civil Code § 51 (f), Defendants were required to comply with the requirements of the Americans with Disabilities Act of 1990 and the federal regulations adopted pursuant thereto.  The acts and omissions of which Plaintiff complains took place at the PUBLIC ACCOMMODATION.

# FIRST CLAIM FOR RELIEF:

**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**

**42 USC §§ 12101 FF**

11.  Plaintiff re-alleges the allegations of paragraphs 1-10 hereof.

12.  Pursuant to law, in 1990 the United States Congress made findings per 42 USC §12101 regarding physically disabled persons, finding that laws were needed to more fully protect "some 43 million Americans [with] one or more physical or mental disabilities"; that "historically society has tended to isolate and segregate individuals with disabilities"; and that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem"; that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full

participation, independent living and economic self sufficiency for such individuals"; and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous ..."

13. Congress stated as its purpose in passing the Americans with Disabilities Act (42 USC §12101(b)): It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

 (2) to provide clear, strong, consistent, **_enforceable standards_** addressing discrimination against individuals with disabilities;

 (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and

 (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of

*discrimination faced day to day* by people with disabilities (emphasis added).

14. As part of the Americans with Disabilities Act, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC 12181 ff). Among "private entities" which are considered "public accommodations" for purposes of this Title is a PUBLIC ACCOMMODATION (Regulation 36.104).

15. Pursuant to §302, 42 USC §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation by any person who owns, leases or leases to, or operates a place of public accommodation."

16. Among the specific prohibitions against discrimination were included: *§12182(b)(2)(A)(ii)*: "A failure to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities ..."; *§12182(b)(A)(iii)*: "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service,

segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services ..."; **§12182(b)(A)(iv)**: "A failure to remove architectural barriers and communication barriers that are structural in nature, in existing facilities ... where such removal is readily achievable"; **§12182(b)(A)(v)**: "Where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable".  The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36ff.

17. Title III of the ADA establishes that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation...." 42 U.S.C. §  12182(a).  "Discrimination" is defined as, among other things, "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to

individuals with disabilities...." 42 U.S.C. § 12182(b)(2)(A)(ii).  Defendants had an obligation to have some sort of plan which would have allowed Plaintiff to enjoy the PUBLIC ACCOMMODATION services without having to suffer the indignities as aforesaid.

18.   Pursuant to the Americans with Disabilities Act, 42 USC 12188ff, §308, Plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of disability in violation of this Title or has reasonable grounds for believing that he is about to be subjected to discrimination in violation of §12182.  On information and belief, Defendants have continued to violate the law and deny the rights of Plaintiff and of other disabled persons to access this public accommodation since on or before November 10, 2008.  Pursuant to §12188(a)(2), "In cases of violations of §12182(b)(2)(A)(iv) ... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

19.   Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964, (42 USC 2000(a)-3(a), and pursuant to Federal Regulations adopted to implement the

Americans with Disabilities Act of 1990.  Plaintiff is a person for purposes of Section 12188(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing he will be subjected to such discrimination each time that he may attempt to patronize the PUBLIC ACCOMMODATION.

20.  Injunctive relief: Plaintiff seeks injunctive relief to prohibit the acts and omissions by Defendants at the PUBLIC ACCOMMODATION as stated above which appear to be continuing, and which have the effect of wrongfully excluding Plaintiff and others similarly situated from using the PUBLIC ACCOMMODATION. Plaintiff frequently travels within a short distance of the PUBLIC ACCOMMODATION, and thus will either continue to use the PUBLIC ACCOMMODATION or will refrain from using the PUBLIC ACCOMMODATION until the accommodations are provided. Such acts and omissions are the cause of humiliation and mental and emotional suffering of Plaintiff in that these actions continue to treat Plaintiff as an inferior and second class citizen and serve to discriminate against Plaintiff on the sole basis that Plaintiff is a person with a disability and requires the use of a wheelchair and a van with a wheelchair lift for movement in public places.  Plaintiff is unable so long as such acts and omissions of Defendants continue, to achieve equal access to and

use of the public facility.  The acts of Defendants have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court.  Plaintiff seeks an injunction as to every violation of California or Federal disability access law which is related to his disability.

### SECOND CLAIM FOR RELIEF:  DAMAGES FOR DENIAL OF FULL AND EQUAL ACCESS TO A PUBLIC ACCOMMODATION: PUBLIC FACILITIES AT A PUBLIC ACCOMMODATION
### (Civil Code §§ 51, 52)

21.  Plaintiff re-alleges the allegations of paragraphs 1-20 hereof.

22.  Civil Code §§ 51 and 52, et seq., were enacted to prohibit discrimination against people with disabilities and to encourage the full and free use by people with disabilities of public facilities and other public places.  CC §§ 51(f) states that a violation of the Americans with Disabilities Act of 1990 is a violation of this section. **A violation of the ADA is a *per se* violation of CC § 51 (<u>KATHLEEN LENTINI v. CALIFORNIA CENTER FOR THE ARTS, ESCONDIDO</u>; 370 F.3d 837 (9th Cir. 2004)); CC § 52 states that minimum damages for discrimination are $4,000 for each and every offense (<u>KATHLEEN LENTINI v. CALIFORNIA CENTER</u>**

**FOR THE ARTS, ESCONDIDO; 370 F.3d 837 (9th Cir. 2004)). The Plaintiff IS NOT ASKING FOR DAILY DAMAGES.**

23.  On each of the above listed occasions, when the Plaintiff arrived at the PUBLIC ACCOMMODATION, he was not allowed equal access to the PUBLIC ACCOMMODATION because of the architectural barriers.  The Plaintiff was forced to leave the PUBLIC ACCOMMODATION, unable to patronize the PUBLIC ACCOMMODATION as an equal.  As a result, Plaintiff was humiliated and embarrassed, made to feel as if he was a second class citizen, and experienced humiliation, embarrassment, emotional damage and physical personal injury, all to Plaintiff's damages in an amount according to proof.

24.  Defendants' failure to institute policies in furtherance of accessibility or at least have an alternate policy to enable Plaintiff to use the goods and services offered to the non-disabled public without having to suffer the indignities, as aforesaid, was a violation of the Americans with Disabilities Act and federal regulations adopted pursuant thereto, and as a consequence, was a violation of Civil Code §§ 51.

25.  Damages: As a result of the denial of equal access to the PUBLIC ACCOMMODATION and due to the acts and omissions of Defendants and each of them in owning, operating and/or leasing the subject real property, Plaintiff suffered a violation of

Civil Rights including but not limited to rights under Civil Code §§ 51, 52 and suffered mental and emotional distress, embarrassment and humiliation, and personal injury all to Plaintiff's damages.  Defendants' actions and omissions to act constituted discrimination against Plaintiff on the sole basis that Plaintiff was physically disabled and unable to use the facilities on a full and equal basis as other persons. Plaintiff seeks actual damages, including the minimum damages of $4,000 pursuant to CC § 52 for each and every offense.

26.   Fees and costs: As a result of Defendants' acts, omissions and conduct, Plaintiff has incurred costs and might be required incur attorney's fees, litigation expenses, and costs as provided by statute, in order to enforce Plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of all reasonable attorney's fees (if incurred) and costs, pursuant to the provisions of Civil Code §§ 52.  Additionally, Plaintiff's lawsuit is intended not only to obtain compensation for damages to Plaintiff, but also to force the Defendants to make their facilities accessible to all disabled members of the public, justifying public interest attorney's fees (if incurred), litigation expenses and costs pursuant to Code of Civil Procedure § 1021.5.

27. Wherefore, Plaintiff asks this Court to preliminarily and permanently enjoin any continuing refusal by Defendants to comply with the requirements of the Americans with Disabilities Act of 1990 and regulations adopted pursuant thereto with respect to access of disabled persons to the PUBLIC ACCOMMODATION; for minimum damages pursuant to CC § 52 and for attorneys' fees (if incurred) and costs pursuant to CC §§ 52 and 1021.5.

Wherefore Plaintiff prays for relief as hereinafter stated:

**PRAYER**

1. Issue a preliminary and permanent injunction directing Defendants to modify its facilities and policies as required by law to comply with the ADA and ADA regulations, including the ADAAG where required, institute policies in furtherance of accessibility or at least have an alternate policy to enable Plaintiff to use the goods and services offered to the non-disabled public so that it provides adequate access to all citizens, including persons with disabilities; and issue a preliminary and permanent injunction directing Defendants to maintain its facilities usable by plaintiff and similarly situated persons with disabilities in compliance with federal

regulations, and which provide full and equal access, as required by law;

    2.   Retain jurisdiction over the Defendants until such time as the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and will not recur;

    3.   Award to Plaintiff statutory damages under California Civil Code 52 for each actual visit to the PUBLIC ACCOMMODATION and for each forgone visit, all according to proof;

    4.   Award to Plaintiff all reasonable attorneys' fees (if incurred), all litigation expenses, and all costs of this proceeding as provided by law;

    5.    Declaratory relief that Defendants violated the ADA for the purpose of Unruh Act.


Dated:   November 10, 2008

                      __/S/ SCOTT N.JOHNSON_
                        By: SCOTT N. JOHNSON
                        Attorney for Plaintiff